IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN HOYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:23-cv-02112 |
| | ) Judge Nora Barry Fischer |
| FAMILY COURTS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

On December 14, 2023, pro se Nathan Hoye initiated the above captioned civil rights case by filing a Motion for Leave to Proceed in forma pauperis, ("IFP Motion") (ECF No. 1). Attached to the IFP Motion was a court-approved complaint form entitled "Complaint for a Civil Case Alleging Negligence (28 U.S.C. §1332; Diversity of Citizenship)."[1] The Complaint was lodged pending resolution of the IFP motion.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636, and the Local Rules of Court, all pretrial matters were referred to United States Magistrate Judge Cynthia Reed Eddy. On December 22, 2023, the Magistrate Judge granted Mr. Hoye's IFP motion (ECF No. 3) and the Complaint was officially docketed that day. (ECF No. 4).

On January 5, 2024, the Magistrate Judge issued a Report and Recommendation, (ECF No. 5) recommending that the Complaint be summarily dismissed pre-service for failure to state a claim pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Hoye was served

---

[1] The Magistrate Judge explained in the Report and Recommendation that Mr. Hoye's claims were being interpreted as being brought under 42 U.S.C. § 1983, as it is clear from the face of the Complaint that no diversity exists between the parties and because Mr. Hoye is challenging the procedures used to adjudicate his custody rights.

with the Report and Recommendation at his listed address and advised that written objections were due by January 26, 2024.

On January 12, 2024, the Court received a document from Mr. Hoye entitled, "Amendment." (ECF No. 6). On January 16, 2024, the Magistrate Judge filed an Order advising Mr. Hoye that the Amendment had been reviewed and the Magistrate Judge had concluded that it did not alter the recommendation in the Report and Recommendation. Mr. Hoye was reminded any objections to the Report and Recommendation were due by January 26, 2024. (ECF No. 7). To date, no objections have been filed by Mr. Hoye nor has he sought an extension of time in which to do so.

The Court has reviewed the matter and concludes that the Report and Recommendation correctly analyzes the issues and makes a sound recommendation that the claims in the instant complaint are barred by Eleventh Amendment immunity. The Allegheny County Family Court, a division of the Allegheny County Court of Common Pleas, is an arm of the Commonwealth of Pennsylvania and therefore shares in the Commonwealth's immunity. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also Green v. Domestic Rels. Section Ct. of Common Pleas Compliance Unit Montgomery Cnty.*, 649 F. App'x 178, 180 (3d Cir. 2016) (per curiam) ("[A]ll claims against the Domestic Relations Section of the Montgomery County Court of Common Pleas were properly dismissed pursuant to its Eleventh Amendment immunity."). Pennsylvania has not waived immunity for civil rights claims, nor did Congress abrogate its immunity by passing § 1983. *See* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal Courts guaranteed by the Eleventh Amendment to the Constitution of the United States).

Moreover, Pennsylvania courts and their divisions are not considered "persons" subject to liability under § 1983. *See Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (noting that "'[s]tates or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983") (quoting *Will*, 491 U.S. at 70)).  Accordingly, there is no legal basis for Mr. Hoye's claims against the "Family Court."

Upon consideration of the Complaint, together with the Report and Recommendation (ECF No. 5), and after undertaking a de novo review of the record,

**IT IS ORDERED** that the Complaint is **DISMISSED** with prejudice for failure to state a claim pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2) and leave to amend is **DENIED** as futile.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 5) dated January 5, 2024, is **ADOPTED** as the Opinion of the District Court.

The Clerk of Court is **ORDERED** to mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Mr. Hoye has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

**SO ORDERED** this 5th day of February, 2024.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc:   NATHAN HOYE
      2949 North Charles Street
      Apartment 303
      Pittsburgh, PA 15214
      (via U.S. First Class Mail)